H1C3CUMP                        Plea

1    UNITED STATES DISTRICT COURT
     SOUTHERN DISTRICT OF NEW YORK
2    ------------------------------x

3    UNITED STATES OF AMERICA,

4              v.                              17 CR 26 (PAE)

5    CHRISTOPHER CUMMINS,

6                   Defendant.

7    ------------------------------x

8                                         New York, N.Y.
                                          January 12, 2016
9                                         11:30 a.m.

10

     Before:
11
                        HON. PAUL A. ENGELMAYER,
12
                                          District Judge
13

14                          APPEARANCES

15
          United States Department of Justice
16        Antitrust Division
     ERIC C. HOFFMANN
17   BRYAN SERINO

18
     FRIED, FRANK, HARRIS, SHRIVER & JACOBSON, LLP
19        Attorneys for Defendant
     EVAN T. BARR
20   ELIZABETH P. KOZLOWSKI
     SHANNON DOHERTY

21

22

23

24

25

1          MR. HOFFMANN:  Good afternoon, your Honor.  Eric

2   Hoffmann and Bryan Serino for the United States government,

3   Department of Justice Antitrust Division.

4          THE COURT:  Very good.  Good morning to you.

5          MR. BARR:  Good morning, your Honor.  Evan Barr for

6   the defendant Mr. Cummins.  With me at the table are my

7   associates Elizabeth Kozlowski and Shannon Doherty.

8          THE COURT:  Good morning to all of you, and of course

9   to you, Mr. Cummins.  You may all be seated.  And good morning

10   as well to the members of the public who are in attendance.

11          Is there an application to seal the transcript of this

12   proceeding?

13          MR. HOFFMANN:  No, there is not, your Honor.

14          THE COURT:  In other words, there is no basis for

15   sealing?  The fact of the cooperation is a public event?

16          MR. HOFFMANN:  Correct.

17          THE COURT:  Very good.  All right.

18          Mr. Barr, I have been informed that your client wishes

19   today to plead guilty to a single-count information.  Is that

20   correct?

21          MR. BARR:  That is, your Honor.

22          THE COURT:  And Mr. Cummins, is that correct that you

23   intend today to plead guilty to the information?

24          THE DEFENDANT:  That is correct, your Honor.

25          THE COURT:  Counsel, is the guilty plea pursuant to a

H1C3CUMP                          Plea

1      plea agreement?

2              MR. HOFFMANN:  Yes, it is, your Honor.

3              THE COURT:  Would counsel please hand up the signed

4      plea agreement.  Is the agreement identical, save for the

5      presence of signatures?  Is it identical to what was sent to my

6      chambers in advance?

7              MR. HOFFMANN:  Yes, it is, your Honor.

8              THE COURT:  I'm going to have Mr. Smallman mark this

9      as Government Exhibit 1, and later on in the course of the

10     proceeding I will be questioning counsel and the defendant

11     about the terms of the plea agreement.  All right.

12             Mr. Cummins, before accepting your guilty plea, I'm

13     going to ask you certain questions so that I can establish to

14     my satisfaction that you wish to plead guilty because you are

15     guilty and not for some other reason.

16             If you don't understand any of my questions or you'd

17     like a further opportunity to consult with your attorneys, will

18     you please let me know?

19             THE DEFENDANT:  Yes, your Honor, I will.

20             THE COURT:  You don't need to rise each time.  Just

21     speak into the microphone, that would be fine.  Thank you.

22             Are you able to speak and understand English?

23             THE DEFENDANT:  Yes, I am.

24             THE COURT:  Mr. Smallman, will you please place the

25     defendant under oath.

H1C3CUMP                         Plea

1              THE DEPUTY CLERK:  Please rise and raise your right

2     hand.

3              (Defendant sworn)

4              THE COURT:  Mr. Cummins, you may be seated.  Do you

5     understand that you are now under oath, and that any knowingly

6     false answers can subject you to the penalties of perjury?

7              THE DEFENDANT:  Yes, your Honor.

8              THE COURT:  What is your full name?

9              THE DEFENDANT:  My full name is Christopher Michael

10    Cummins.

11             THE COURT:  How old are you?

12             THE DEFENDANT:  I'm 50.

13             THE COURT:  How far did you go in school?

14             THE DEFENDANT:  I've completed a bachelor's degree.

15             THE COURT:  Where and when was that?

16             THE DEFENDANT:  I graduated in 1984 -- excuse me.

17    1988 from Fordham University.

18             THE COURT:  Have you ever been treated or hospitalized

19    for any mental illness?

20             THE DEFENDANT:  I have not, your Honor.

21             THE COURT:  Are you now or have you recently been

22    under the care of a doctor or a psychiatrist?

23             THE DEFENDANT:  No, your Honor.

24             THE COURT:  Have you ever been hospitalized or treated

25    for addiction to any drugs or to alcohol?

H1C3CUMP                    Plea

1          THE DEFENDANT:  No, your Honor.

2          THE COURT:  In the past 24 hours have you taken any

3  drugs, medicine or pills or drunk any alcoholic beverages?

4          THE DEFENDANT:  No, your Honor.

5          THE COURT:  Is your mind clear today?

6          THE DEFENDANT:  Yes, it is, your Honor.

7          THE COURT:  Do you understand what's happening in this

8  proceeding?

9          THE DEFENDANT:  Yes, I do, your Honor.

10          THE COURT:  Mr. Barr, do you have any doubt as to your

11  client's competence to plead at this time?

12          MR. BARR:  I do not, your Honor.

13          THE COURT:  How about you, Mr. Hoffmann?

14          MR. HOFFMANN:  No, the government does not.

15          THE COURT:  Based on the defendant's responses to my

16  questions and his demeanor as he appears before me, I find that

17  he is competent to enter a plea of guilty at this time.

18          Mr. Cummins, have you had a sufficient opportunity to

19  discuss your case with your attorneys?

20          THE DEFENDANT:  Yes, I have, your Honor.

21          THE COURT:  Have you had a sufficient opportunity to

22  discuss the particular charges to which you intend to plead

23  guilty, any possible defenses to that charge, and the

24  consequence of entering a plea of guilty?

25          THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  Are you satisfied with your attorney's

2     representation of you?

3          THE DEFENDANT:  I am, your Honor.

4          THE COURT:  I'm now going to explain one by one

5     certain Constitutional rights that you have.  You'll be giving

6     up these rights if you enter a plea of guilty.  Under the

7     Constitution and laws of the United States, you are entitled to

8     a speedy and a public trial by a jury on the charges contained

9     in the information.  Do you understand that?

10          THE DEFENDANT:  Yes, your Honor.

11          THE COURT:  At that trial, you would be presumed to be

12     innocent, and the government would be required to prove you

13     guilty by competent evidence and beyond a reasonable doubt

14     before you could be found guilty.  You would not have to prove

15     that you were innocent, and a jury of 12 people would have to

16     agree unanimously that you were guilty.

17          Do you understand that?

18          THE DEFENDANT:  Yes, your Honor.

19          THE COURT:  At that trial, and at every stage of your

20     case, you would be entitled to be represented by an attorney.

21     And if you could not afford one, one would be appointed to

22     represent you free of charge.

23          Do you understand that?

24          THE DEFENDANT:  Yes, your Honor.

25          THE COURT:  During a trial, the witnesses for the

1    government would have to come to court and testify in your

2    presence and your lawyer could cross-examine the witnesses for

3    the government, object to evidence offered by the government,

4    and if you desired, issue subpoenas, offer evidence, and compel

5    witnesses to testify on your behalf.

6                    Do you understand that?

7                    THE DEFENDANT:  Yes, your Honor.

8                    THE COURT:  At a trial, although you would have the

9    right to testify if you chose to, you would also have the right

10   not to testify, and no inference or suggestion of guilt could

11   be drawn from the fact that you did not testify, if that was

12   what you chose to do.

13                   Do you understand that?

14                   THE DEFENDANT:  Yes, your Honor.

15                   THE COURT:  At trial, the government would have to

16   prove each and every part or element of a charge beyond a

17   reasonable doubt for you to be convicted of that charge.

18                   Do you understand that?

19                   THE DEFENDANT:  Yes, your Honor.

20                   THE COURT:  Do you understand that if you were

21   convicted at a trial, you would have the right to appeal that

22   verdict?

23                   THE DEFENDANT:  Yes, your Honor.

24                   THE COURT:  Even at this time, right now, as you're

25   entering this plea, you have the right to change your mind,

H1C3CUMP                    Plea

1    plead not guilty, and go to trial.

2              Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  If you plead guilty, and I accept your

5    plea, you'll give up your right to a trial and the other rights

6    that I've just described.  There will be no trial, and I will

7    enter a judgment of guilty and sentence you on the basis of

8    your guilty plea, after considering whatever submissions I

9    receive from you and your counsel and from the government, as

10   well as a presentence report that will be prepared by the

11   probation department.

12             Do you understand that?

13             THE DEFENDANT:  Yes, your Honor.

14             THE COURT:  If you plead guilty, you'll also have to

15   give up your right not to incriminate yourself, because I will

16   ask you questions about what you did in order to satisfy myself

17   that you are guilty as charged.

18             Do you understand that?

19             THE DEFENDANT:  Yes, your Honor.

20             THE COURT:  Now, the document that contains the

21   particular charge to which you've indicated you wish to plead

22   guilty is called an information.  It has been issued by the

23   Antitrust Division of the United States Department of Justice,

24   and the United States attorney.

25             This is a serious crime.  You have a Constitutional

H1C3CUMP                          Plea

1    right to require the government to present evidence to a grand

2    jury, which may or may not vote to charge you with this crime.

3              Do you understand what a grand jury is?

4              THE DEFENDANT:  Yes, your Honor.

5              THE COURT:  If the grand jury did vote to charge you

6    with this crime, the charge would then be contained in a

7    document called an indictment, rather than an information.  An

8    indictment would be signed by the United States attorney and

9    the grand jury foreperson.

10             Do you understand that?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Do you wish to give up your right to be

13   charged by a grand jury?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Counsel, has a waiver of indictment form

16   been prepared?

17             MR. HOFFMANN:  Yes, your Honor.

18             THE COURT:  Counsel have handed up a waiver of

19   indictment form.  Mr. Barr, is this your signature on the form

20   dated today?

21             MR. BARR:  Yes, it is, your Honor.

22             THE COURT:  Mr. Cummins, is this your signature on the

23   form?

24             THE DEFENDANT:  Yes, it is, your Honor.

25             THE COURT:  Mr. Cummins, when you signed this form,

H1C3CUMP                         Plea

1   did you understand that you were acknowledging your willingness

2   to give up your right to be indicted by a grand jury?

3            THE DEFENDANT:  Yes, your Honor.

4            THE COURT:  I find a knowing and voluntary waiver of

5   the defendant's right to be indicted by a grand jury.

6            Mr. Cummins, have you received a copy of the

7   information containing the charge against you?

8            THE DEFENDANT:  Yes, your Honor, I have.

9            THE COURT:  Have you read it?

10           THE DEFENDANT:  I have, yes, your Honor.

11           THE COURT:  Have you had an opportunity to discuss the

12   informations with your attorneys?

13           THE DEFENDANT:  Yes, your Honor.

14           THE COURT:  Do you understand that you're charged in

15   the information with conspiring to violate the antitrust laws

16   of the United States in violation of Title 15, United States

17   Code, Section 1?

18           THE DEFENDANT:  Yes, your Honor.

19           THE COURT:  Do you understand that the maximum

20   possible penalty for this offense is 10 years' imprisonment?

21           THE DEFENDANT:  Yes, your Honor.

22           THE COURT:  The maximum fine for a violation of this

23   offense may reach the greatest of $1 million, twice the gross

24   pecuniary gain derived by the conspirators from the offense or

25   twice the gross pecuniary loss to persons other than you as a

H1C3CUMP                         Plea

1    result of the offense.

2              THE DEFENDANT:  Yes, your Honor.

3              THE COURT:  Do you understand that?

4              THE DEFENDANT:  Yes, sir.  Yes, your Honor.

5              THE COURT:  For pleading guilty to this offense, you

6    may also receive a term of up to three years' supervised

7    release.

8              Do you understand that?

9              THE DEFENDANT:  Yes, your Honor.

10             THE COURT:  Supervised release means that you'll be

11   subject to monitoring when you are released from prison.  If

12   there is no prison term in a case, supervised release is then

13   called probation.  But I'm going to use the term supervised

14   release.

15             There are terms of supervised release with which a

16   person must comply.  If you don't comply with them, you can be

17   returned to prison without a jury trial for all or part of the

18   term of supervised release imposed by the Court.  Under those

19   circumstances, you would not be given any credit towards that

20   term for the time you served in prison as a result of your

21   sentence for this crime, nor will you necessarily be given any

22   credit towards that term for any time you had already spent on

23   post-release supervision.

24             Do you understand that?

25             THE DEFENDANT:  Yes, your Honor.

1          THE COURT:  For pleading guilty to this crime, you'll

2     be required to pay a mandatory $100 special assessment.

3          Do you understand that?

4          THE DEFENDANT:  Yes, your Honor.

5          THE COURT:  For pleading guilty to this crime, you may

6     be required to pay restitution to any person injured as a

7     result of your criminal conduct.

8          Do you understand that?

9          THE DEFENDANT:  Yes, your Honor.

10          THE COURT:  For pleading guilty to this crime, you may

11     be compelled to forfeit any and all property constituting and

12     derived from proceeds obtained by your criminal conduct.

13          Do you understand that?

14          THE DEFENDANT:  Yes, your Honor.

15          THE COURT:  Do you also understand that if I accept

16     your guilty plea and adjudge you guilty, that may deprive you

17     of valuable civil rights, such as the right to vote, the right

18     to hold public office, the right to serve on a jury, and the

19     right to possess any kind of firearm?

20          THE DEFENDANT:  Yes, your Honor.

21          THE COURT:  Are you a United States citizen?

22          THE DEFENDANT:  Yes, I am, your Honor.

23          THE COURT:  Under current law, there are sentencing

24     guidelines as well as other factors set forth in the sentencing

25     statutes that judges are required by law to consider in

1    determining a sentence.

2              Do you understand that?

3              THE DEFENDANT:  Yes, your Honor.

4              THE COURT:  Have you spoken with your attorneys about

5    the sentencing guidelines and those other factors?

6              THE DEFENDANT:  Yes, your Honor.

7              THE COURT:  Do you understand that I will not be able

8    to determine the guideline range that will form a part of my

9    determination of what a reasonable sentence will be in your

10   case until after a presentence report has been prepared, and

11   until after you and your attorneys and the government have all

12   had an opportunity to challenge any of the facts set forth in

13   that report, again, prepared by the probation department?

14             THE DEFENDANT:  Yes, your Honor.

15             THE COURT:  Do you understand that even after the

16   Court has determined what guideline range applies to your case,

17   under the current law the Court has the discretion to impose a

18   sentence that is higher or lower than the one recommended by

19   the sentencing guidelines?

20             THE DEFENDANT:  Yes, your Honor.

21             THE COURT:  Do you understand that if your attorney or

22   anyone else has attempted to predict what your sentence will

23   be, that their prediction could be wrong.  No one, not your

24   attorney, not the government's attorney, no one can give you

25   any assurance of what your sentence will be, because I'm going

H1C3CUMP                              Plea

1   to decide your sentence, and I'm not going to do that now and I

2   really can't do that now.  Instead, I'm going to wait until I

3   receive the presentence report prepared the probation

4   department, I'm going to study it carefully, I'm going to wait

5   until I receive the parties' respective sentencing submissions

6   and review those carefully as well.  I'm going to do my own

7   independent calculation of how the sentencing guidelines apply

8   in your case.  But most of all, I'm going to determine what a

9   reasonable sentence is for you, based on all of the factors

10  contained in the sentencing statute, which is known as Section

11  3553(a).

12          Do you understand all that?

13          THE DEFENDANT:  I understand, your Honor.

14          THE COURT:  Have you discussed these issues and the

15  overall sentencing process with your attorneys?

16          THE DEFENDANT:  Yes, I have, your Honor.

17          THE COURT:  Even if your sentence is different from

18  what your attorney or anyone else has told you it might be,

19  even if it is different from what you expect, you will still be

20  bound by your guilty plea, and you'll not be allowed to

21  withdraw your plea of guilty.

22          Do you understand that?

23          THE DEFENDANT:  Yes, I do, your Honor.

24          THE COURT:  Has anyone threatened you or anyone else

25  or forced you in any way to plead guilty?

H1C3CUMP                          Plea

1          THE DEFENDANT:  No, your Honor.

2          THE COURT:  Counsel have handed up the plea agreement

3     which has been marked as Government Exhibit 1.  Looking at the

4     back here, I see, Mr. Hoffmann, what appears to be your

5     signature as well as that of five other trial attorneys

6     associated with the Antitrust Division of the Department of

7     Justice.

8          Is that your signature and are those the signatures of

9     your colleagues?

10          MR. HOFFMANN:  Yes, they are, your Honor.

11          THE COURT:  Mr. Barr, I see here your signature.  Is

12     that your signature?

13          MR. BARR:  Yes, it is.

14          THE COURT:  Mr. Cummins, I see your signature dated

15     December 21.  Is that your signature?

16          THE DEFENDANT:  Yes, it is, your Honor.

17          THE COURT:  Did you read this agreement before you

18     signed it?

19          THE DEFENDANT:  Yes, I did, your Honor.

20          THE COURT:  Did you discuss it with your attorneys

21     before you signed it?

22          THE DEFENDANT:  Yes, your Honor.

23          THE COURT:  Did you believe that you understood the

24     agreement at the time you signed it?

25          THE DEFENDANT:  Yes, your Honor, I did.

H1C3CUMP                    Plea

1          THE COURT:  Did you willingly sign the agreement?

2          THE DEFENDANT:  Yes, your Honor.

3          THE COURT:  Did anyone force you to sign the

4    agreement?

5          THE DEFENDANT:  No, your Honor.

6          THE COURT:  Mr. Hoffmann, will you please summarize

7    the material terms of the agreement.

8          MR. HOFFMANN:  The main terms first as to the parties'

9    agreement between Mr. Cummins and the United States government,

10   which is defined as the Antitrust Component of the Department

11   of Justice.  The agreement creates obligations on the parts of

12   both parties.

13          Mr. Cummins' agreements, or his obligations are set

14   forth in paragraph two.  He will cooperate fully and truthfully

15   with the government's ongoing investigation into the foreign

16   exchange market, that includes when asked to do so by the

17   government.  He will testify truthfully at any grand jury

18   proceeding, trial-related hearing.  When asked to do so by the

19   government, he will turn over any documents that the government

20   asks him to that are not otherwise privileged, and he agrees to

21   commit no further crimes, amongst other provisions.

22          In return, the government is agreeing under paragraph

23   four they will not bring further criminal charges against

24   Mr. Cummins for any crimes committed that were undertaken in

25   furtherance of the charged combination conspiracy to fix the

H1C3CUMP                      Plea

1   prices of Central European and Eastern European, Middle Eastern

2   and African currencies that is described in the information.

3          Additionally, under paragraph 11, the government has

4   obligated itself that if Mr. Cummins upholds and carries out

5   all of his obligations, and if the government determines that

6   Mr. Cummins has provided substantial assistance in any federal

7   proceeding, at the appropriate time it will submit a motion

8   under United States sentencing guidelines 5K1.1, bringing the

9   facts of Mr. Cummins' assistance to your Honor's attention, and

10  will request the Court to consider in its discretion a sentence

11  below the applicable sentencing guidelines range.

12         Mr. Cummins has also given up certain rights.  He's

13  agreeing to plead guilty to a one-count information charging

14  him with a combination conspiracy to fix prices in CEEMEA

15  currencies from at as early as 2007 to at least July 2013.

16         I think those are the main points.

17         THE COURT:  Very good.  Thank you.  Very helpful,

18  Mr. Hoffmann.

19         Mr. Barr, do you agree with the account that

20  Mr. Hoffmann has given of the terms that he addressed?

21         MR. BARR:  I do, your Honor.

22         THE COURT:  Anything else you want to put on the

23  record?

24         MR. BARR:  No.

25         THE COURT:  Mr. Cummins, did you hear and understand

H1C3CUMP                          Plea

1    Mr. Hoffmann as he summarized those particular terms?

2              THE DEFENDANT:  Yes, your Honor, I did.

3              THE COURT:  Do you have any agreement with the

4    government about your plea or your sentence that has been left

5    out of this written agreement?

6              THE DEFENDANT:  No, your Honor, I do not.

7              THE COURT:  I want to just highlight a few terms of

8    the agreement.  Do you understand that the agreement does not

9    bind any federal, state or local prosecuting authority, other

10   than the Antitrust Division of the Department of Justice?

11             THE DEFENDANT:  Yes, I do, your Honor.

12             THE COURT:  Do you understand that the agreement

13   provides that you must cooperate fully with the Antitrust

14   Division or any attorneys or agents of the United States whom

15   it designates?

16             THE DEFENDANT:  Yes, your Honor.

17             THE COURT:  Do you understand that the agreement

18   provides that if the Antitrust Division, which I'll also call

19   the government here, determines that you have provided

20   substantial assistance in an investigation or prosecution, and

21   if it determines that you have fully complied with the

22   understandings specified in the agreement, then the government

23   will file a motion under Section 5K1.1 of the sentencing

24   guidelines asking the Court to sentence you in light of the

25   various factors set forth in Section 5K1.1(a)(1) through (5)?

H1C3CUMP                         Plea

1          THE DEFENDANT:  Yes, your Honor.

2          THE COURT:  To unpack that a little bit, do you

3     understand that the factors that the Court may consider under

4     that section include the following:  The significance and

5     usefulness of your assistance, taking into consideration the

6     government's evaluation of the assistance you rendered; the

7     truthfulness, completeness, and reliability of any information

8     or testimony you provided; the nature and extent of your

9     assistance; any injury you suffered or any danger or risk of

10    injury to you or your family as a result of your assistance;

11    and the timeliness of your assistance.

12          Do you understand all that?

13          THE DEFENDANT:  Yes, I do, your Honor.

14          THE COURT:  Do you understand that even if the

15    government files such a motion, that the sentence to be imposed

16    remains within the sole discretion of the Court?

17          THE DEFENDANT:  Yes, your Honor.

18          THE COURT:  Do you understand that even if the Court

19    were to deny a 5K1.1 motion, you would not be entitled to

20    withdraw your plea?

21          THE DEFENDANT:  I understand, your Honor.

22          THE COURT:  Do you understand that even if the Court

23    imposes a sentence that is unsatisfactory to you, you would not

24    then be entitled to withdraw your plea?

25          THE DEFENDANT:  Yes, your Honor.

H1C3CUMP                      Plea

1          THE COURT:  Do you understand that if the government

2    determines that you have not provided substantial assistance in

3    an investigation or prosecution, or that you have violated any

4    provision of the agreement, then the government is not

5    obligated to file a motion under Section 5K1.1 of the

6    sentencing guidelines?

7          THE DEFENDANT:  I understand, your Honor.

8          THE COURT:  Do you understand that you will not be

9    entitled to withdraw your guilty plea just because the

10   government decides not to file the motion?

11         THE DEFENDANT:  Yes, your Honor.

12         THE COURT:  Do you understand as well that the

13   agreement provides that if you commit any further crimes or if

14   it is determined that you have given any false, incomplete or

15   misleading testimony or information, or that you've otherwise

16   violated any provision of the agreement, you shall be subject

17   to prosecution for any federal violations that the government

18   has knowledge of, including perjury and obstruction of justice?

19         THE DEFENDANT:  Yes, your Honor.

20         THE COURT:  Do you understand as well that under the

21   agreement if you commit any further crimes, or again if it is

22   determined that you gave false, incomplete, or misleading

23   testimony or information, or you've otherwise violated any

24   other provision of the agreement, that all statements made by

25   you to the government or to other designated law enforcement

H1C3CUMP                         Plea

1   agents, and any testimony you've given, whether to a grand jury

2   or another tribunal, all that may be admissible in evidence in

3   any criminal proceeding against you?

4              Do you understand that?

5              THE DEFENDANT:  Yes, I do, your Honor.

6              THE COURT:  Do you understand in fact that the

7   agreement provides that you may not assert a claim that such

8   statements should be suppressed, and in fact that you have

9   waived your right to claim that such statements should be

10  suppressed?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Has anyone made any promise or done

13  anything other than what's contained in the plea agreement to

14  induce you to plead guilty?

15             THE DEFENDANT:  No, your Honor.

16             THE COURT:  Has anyone made a promise to you as to

17  what your sentence will be?

18             THE DEFENDANT:  No, your Honor.

19             THE COURT:  Do you still wish to plead guilty today

20  pursuant to the agreement?

21             THE DEFENDANT:  Yes, your Honor.  I do.

22             THE COURT:  At this point I'd like you to tell me in

23  your own words what you did that makes you believe you're

24  guilty of the charge in the information.  And it looks to me

25  like you're about to read.

1         THE DEFENDANT:  Yes, sir.

2         THE COURT:  That's fine.  I just want to ask of you,

3    what it is you're about to read is something I take it you have

4    read to yourself before and reviewed?

5         THE DEFENDANT:  Yes, your Honor.

6         THE COURT:  You're confident that regardless of who

7    worked with you on the preparation of the language there,

8    everything that you're about to read to me is truthful and

9    accurate?

10         THE DEFENDANT:  Yes, your Honor, it is.

11         THE COURT:  Go ahead.

12         THE DEFENDANT:  Your Honor, between 2007 and 2013, I

13    worked as a foreign currency dealer at a major bank located in

14    Manhattan.  I specialized in trading a variety of Central and

15    Eastern European, Middle Eastern, and African emerging market

16    currencies.

17         My customers included financial entities such as hedge

18    funds and pension funds that needed to exchange large sums of

19    U.S. dollars for an equivalent amount of an emerging market

20    currency.  In addition, I placed trades in these emerging

21    market currencies with other banks, foreign exchange dealers,

22    including through the use of electronic trading platforms.

23         The customers and counterparties I traded with were

24    located here in New York, in other states in the United States,

25    as well as overseas.

1          In the course of my work at the bank, I agreed with

2    other foreign currency dealers employed at some competing banks

3    located in New York and elsewhere on taking various actions

4    designed to reduce competition in the foreign exchange market.

5    These actions included, for example, agreeing with competitors

6    to coordinate price, timing and size of bids and offers put

7    forth on a public electronic trading platform, and agreeing to

8    refrain from trading when one of my co-conspirators had a

9    stronger need to trade.

10          Many of the communications with these other traders

11   occurred in private chat rooms and telephone calls made on both

12   recorded phone lines and personal cell phones.

13          As part of this scheme, I also entered into non-bona

14   fide trades designed to be visible on a public trading

15   platform, and then off center cancel those same trades shortly

16   thereafter in a non-public manner.

17          The purpose of these transactions which I engaged in

18   from my bank's offices was to manipulate the price of the

19   currency pairation.

20          I understood that my conduct in connection with this

21   scheme was wrong at the time, and for that I am deeply, deeply

22   sorry.

23          THE COURT:  Thank you.  You mentioned a moment ago

24   that you knew that what you were doing was wrong.  Just to be

25   clear, did you know as well you were committing a crime?

H1C3CUMP                    Plea

1          THE DEFENDANT:  I did not.  I was aware that -- that

2     if my compliance officers within the bank been aware, it would

3     have been a big issue for them.

4          THE COURT:  Mr. Barr, ordinarily part of the

5     allocution entails my eliciting from the defendant that he knew

6     not only that what he was doing was in some conceptual sense

7     wrong, but that it was a violation of the law, even if the

8     defendant didn't know the specific law.

9          I am going to encourage you to briefly speak with your

10    client for a moment.  Given the very detailed and I thought

11    helpful allocution that I just received, it would be surprising

12    if a person did not understand that the range of price fixing

13    that was just attested to was not in violation of the law.

14          Would you take a moment with your client?

15          MR. BARR:  I would, your Honor.  May I also advise the

16    Court, Mr. Hoffmann and I have discussed this issue as well.

17    And specifically with respect to the Sherman Act requirements,

18    and obviously he's better situated to address that than I am,

19    but it's my understanding that with respect to this particular

20    offense, the elements are satisfied so long as the defendant

21    knowingly entered into the agreement to reduce competition.  So

22    this is unusual in that sense, and I also didn't know that

23    until getting engaged in this case.

24          THE COURT:  Notwithstanding that, and that's an issue

25    that has not been before me or briefed, I would welcome your

H1C3CUMP                        Plea

1   speaking to your client.  And I'll hear from you in a moment as

2   to whether it is really the case that your client did not

3   believe his conduct was against the law.

4              MR. BARR:  Okay.

5              THE COURT:  Thank you.

6              (Defendant conferring with his counsel)

7              THE COURT:  Mr. Barr, have you had a chance to speak

8   with your client?

9              MR. BARR:  Yes.  One moment.

10             THE COURT:  Take your time.

11             (Defendant conferring with his counsel)

12             MR. DePAUL:  Thank you, your Honor.

13             THE COURT:  Mr. Barr, look, I recognize, having

14  conferred briefly with my law clerk, I think you may well be

15  right.  It is an extraneous element, if you will, of the

16  statute that the defendant knew that he was committing a crime.

17  In that respect, it is an unusual statute.

18             Nonetheless, having put the question to him, I want to

19  make sure you have circled back with him to see that that

20  answer is in fact accurate.  I don't want to leave an

21  uncorrected statement like that on the record, if there is some

22  doubt as to whether or not what he just said now is a nuanced

23  account of what his state of mind was.

24             (Defendant conferring with his counsel)

25             THE DEFENDANT:  Your Honor --

H1C3CUMP                          Plea

1              THE COURT:  Just kindly speak into the microphone.

2              THE DEFENDANT:  Yes.  Your Honor, I understood

3    generally that in doing these things, I was breaking the laws

4    and values that apply to trading and traders.

5              THE COURT:  Very good.  Thank you.

6              Mr. Cummins, are you pleading guilty today because you

7    are in fact guilty?

8              THE DEFENDANT:  Yes, your Honor.

9              THE COURT:  Are you pleading guilty today voluntarily

10   and of your own free will?

11             THE DEFENDANT:  Yes, your Honor.

12             THE COURT:  Does government counsel agree there is a

13   sufficient factual predicate for a guilty plea?

14             MR. HOFFMANN:  We do, your Honor.

15             THE COURT:  Does defense counsel?

16             MR. BARR:  Yes, your Honor.

17             THE COURT:  Does defense counsel know of any valid

18   defense that would prevail at trial or any reason why your

19   client should not be permitted to plead guilty?

20             MR. BARR:  No, your Honor.

21             THE COURT:  Mr. Cummins, because you acknowledge that

22   you are in fact guilty as charged in the information, because

23   I'm satisfied that you know of your rights, including your

24   right to go to trial, because I'm satisfied that you are aware

25   of the consequences of your plea, including the sentence that

H1C3CUMP                    Plea

1   may be imposed, and because I find that you're voluntarily

2   pleading guilty, I accept your guilty plea and enter a judgment

3   of guilty on the one count to which you have pled guilty.

4           Now, there will come a point at which we'll move to

5   the sentencing phase of your case, and what I'm about to say

6   relates to that, and I ask you to pay close attention.

7           The probation department is going to want at that time

8   to interview you in connection with the presentence report that

9   it will prepare.  Given the nature of your plea agreement, it's

10  premature to commission the probation report, but there will

11  come a point at which that happens.  If you choose to speak to

12  the probation department, please make sure that anything you

13  say to them is truthful and accurate.  I read those reports

14  very carefully, and along with the parties' sentencing

15  submissions, they are quite important to me in deciding what a

16  reasonable sentence is in a particular case.

17          You and your counsel have a right to examine the

18  report, and to comment on it at the time of sentencing.  I urge

19  you to do so, and to discuss it with your attorneys before

20  sentencing.  If there are any mistakes in it, please point them

21  out to your counsel so they can bring those mistakes to my

22  attention before sentencing.

23          Will you agree to do that?

24          THE DEFENDANT:  Yes, your Honor, I will.

25          THE COURT:  Mr. Barr, in light of the nature of the

 1   plea here, I take it this is not a case in which you are

 2   seeking an expedited sentence.

 3              MR. BARR:  Correct.

 4              THE COURT:  I needed to ask.  All right.

 5         I gather counsel are seeking a control date about six

 6   months from now?

 7              MR. HOFFMANN:  Correct, your Honor.

 8              THE COURT:  Is that realistic or ought we just put a

 9   control date later?  I'm happy to do six months from now, but

10   if it is inevitable it will get rolled over, might as well get

11   it done now.

12              MR. HOFFMANN:  It will most likely rollover.

13              THE COURT:  Does it make more sense to put this in the

14   late fall?  You tell me.  Trying to save a tree.

15              MR. HOFFMANN:  I think late fall.

16              THE COURT:  As a control date, about how November 3 at

17   10 a.m.  That's a Friday.

18              MR. HOFFMANN:  That's fine, your Honor.

19              MR. BARR:  Thank you.

20              THE COURT:  Obviously, if in the event that the

21   circumstances of the case make that date premature, I'm happy

22   to entertain an application to adjourn the sentence.

23         Once it becomes clear that the sentencing date is real

24   and not merely a control date, defense counsel, you must

25   promptly arrange for your client to be interviewed by the

H1C3CUMP                    Plea

1    probation department, and government counsel, you must promptly

2    provide your case summary to the probation department for

3    inclusion in the presentence report.

4            Defense submissions will be due two weeks before

5    sentencing.  The government's submission will be due one week

6    before hand.

7            If you look online, you'll see my individual rules

8    with respect to the filing of sentencing submissions with the

9    clerk of the court, you'll find them to be very customary for

10   the district in terms of the sort of material that is exempt

11   from public filing, which includes, among other things,

12   personal medical information and the like.  All right.

13           I believe that's all we need to take up with respect

14   to the entry of the plea, but I understand that no bail has yet

15   been set but that the parties have reached an agreement.

16   Anyone want to put that on the record, please?

17           MR. BARR:  Yes.

18           THE COURT:  Is it correct you've reached an agreement

19   as to the proposed bail terms?

20           MR. BARR:  Yes, we have, your Honor.  We've agreed on

21   the following terms:  A $50,000 personal recognizance bond,

22   Mr. Cummins to surrender his passport, which we have

23   accomplished this morning at pretrial, regular pretrial

24   supervision with reporting by phone or Internet, and

25   unrestricted travel within the Continental U.S.

H1C3CUMP                        Plea

1           THE COURT:  All right.  And does government counsel

2     agree that those terms are sufficient to assure Mr. Cummins'

3     appearance?

4           MR. HOFFMANN:   The government does, your Honor.

5           THE COURT:  Having reviewed the pretrial services

6     report briefly this morning, I too agree that those are

7     reasonable terms, and will be happy to approve those terms of

8     release.

9           I am, though, obliged, Mr. Cummins, to tell you the

10    following:  It's imperative that you abide by the terms of

11    release.  Those conditions will be embodied in a court order.

12    A violation of any of them, for example, exceeding the travel

13    restrictions or failing to comply with the conditions of

14    pretrial supervision, all of those, a violation of any of those

15    conditions can have very serious consequences for you at the

16    time of sentencing.

17          THE DEFENDANT:  I understand, your Honor.

18          THE COURT:  Do you also understand that you must be in

19    this courtroom for sentencing at the time and date that I've

20    set or any adjournment date that later is set, or you will be

21    guilty of a separate crime called bail jumping and subject to a

22    fine and/or prison term in addition to whatever sentence you

23    may receive for the crime to which you've just pled guilty?

24          Do you understand that?

25          THE DEFENDANT:  Yes, your Honor, I understand.

H1C3CUMP                    Plea

1            THE COURT:  Very well.  Anything further from the

2    government?

3            MR. HOFFMANN:  Yes, the government at this time, my

4    colleague would like to address to your attention a motion and

5    proposed order addressing notification to potential victims.

6            THE COURT:  One moment.  Yes, that was forwarded to my

7    chambers, and I'm happy to hear from your colleague.  Is that

8    Mr. Serino?

9            MR. SERINO:  Yes, good morning.  The government has an

10   unopposed motion and proposed order for alternative victim

11   notification.  In this case, the number of potential victims as

12   well as the factual circumstances of identifying and locating

13   each victim make it impracticable for the government to provide

14   individualized notice to each victim of any public court

15   proceeding or any parol proceeding in this case.

16           As a result, the government respectfully requests

17   authorization for a reasonable procedure to do alternative

18   notification.  Namely (1) being in contact and notifying lead

19   counsel for the plaintiffs in a related civil suit, and (2)

20   providing notice on the Department of Justice's website of

21   upcoming court appearances.

22           THE COURT:  Very good.  Mr. Barr?

23           MR. BARR:  We have no objection.

24           THE COURT:  I'm fine with that.  Mr. Serino, let me

25   ask you a question or two to have some context.  It sounds like

H1C3CUMP                        Plea

1    the civil suit in this case predated the filing of the

2    information.  What's the history of that suit, how long has it

3    been out there?

4              MR. SERINO:  Sure, your Honor.

5              THE COURT:  What's that status, where is it?

6              MR. SERINO:  That appears before Judge Schofield and

7    it was filed in 2013.  The allegations in that civil suit focus

8    on a wide array of conduct in the foreign exchange market,

9    although it primarily focuses on trading involving the euro and

10   U.S. dollar currency pairing, although it does encapsulate

11   broader activity.

12             THE COURT:  Your understanding is the conduct to which

13   Mr. Cummins has just pled guilty describes a subset but a fully

14   contained subset of the conduct at issue in the civil

15   litigation?

16             MR. SERINO:  Yes, your Honor.

17             THE COURT:  And has a class been certified in that

18   case?

19             MR. SERINO:  Yes, sir.

20             THE COURT:  In other words, it becomes reasonable to

21   expect that lead counsel in that case representing a certified

22   class will either actually or constructively put the class, if

23   you will, on notice or take advantage of the fact of the

24   notification here.

25             MR. SERINO:  Correct, your Honor.

H1C3CUMP                     Plea

1          THE COURT:  Very helpful.  And at the outset of the

2   hearing I inquired of the government counsel whether you are

3   seeking the sealing of the courtroom, and not always but very

4   often in the context of a cooperator plea that request is made.

5   It wasn't made here.  To the extent that anyone can clarify on

6   the record, if you're comfortable doing so, I'm interested in

7   why that request wasn't made here.

8          I'm never going to object to an open courtroom, of

9   course, but I am always curious when the ordinary norm is

10   departed from.

11          MR. HOFFMANN:  It is a departure.  It has to do with

12   the antitrust practice.  We do not normally seek to keep the

13   plea agreement off the public docket.  We did not seek that in

14   this case.  But it is different from the practice that you're

15   probably more used to seeing from the AUSAs here in the

16   Southern District.

17          THE COURT:  I take it part of it is what is happening

18   here is historical cooperation, right?  It doesn't sound as if

19   this were a case involving a proactive tape making cooperator

20   where you would be more averse to a public proceeding.  It

21   sounds like implicitly this is a historical case as reflected

22   in the fact of the three- or four-year-old parallel civil

23   litigation.

24          MR. HOFFMANN:  The opportunities for -- they're past.

25          THE COURT:  Very good.  Well, I've reviewed the draft

H1C3CUMP                        Plea

1    order and I'm glad to sign it.  I take it counsel would like me

2    to publicly docket this once there is an information number in

3    this case.  Correct?

4              MR. HOFFMANN:  Correct, your Honor.

5              THE COURT:  Very good.  Anything further from the

6    government?

7              MR. HOFFMANN:  No, your Honor.

8              THE COURT:  Anything further from the defense?

9              MR. BARR:  No, your Honor.

10             THE COURT:  Thank you.  We stand adjourned.

11                              o0o

12

13

14

15

16

17

18

19

20

21

22

23

24

25